**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**WILLIE DILLON (#305881)**                                **CIVIL ACTION**

**VERSUS**

**CINDY VANNOY, ET AL.**                                   **NO. 09-0346-JJB-CN**

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, July 15, 2009.

                                       **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**WILLIE DILLON (#305881)**                                    CIVIL ACTION

**VERSUS**

**CINDY VANNOY, ET AL.**                                       NO. 09-0346-JJB-CN

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Mail Room Supervisor Cindy Vannoy, Ass't Warden Richard Peabody and "Inspector # 13", alleging that his constitutional rights were violated in April, 2006, when an item of his legal mail was opened in his absence by "Inspector 13", and when he was thereafter delivered only the empty envelope.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Applying this standard in the instant case, the Court concludes

that the plaintiff's claims are frivolous as a matter of law. In his Complaint, the plaintiff alleges that on or about July 11, 2006, an employee in the prison mailroom, identified only as "Inspector 13", opened an item of legal mail addressed to the plaintiff from a recognized attorney in New Orleans, Louisiana. The plaintiff asserts that this was done outside of the plaintiff's presence in violation of prison rules and in violation of his attorney/client privilege. The plaintiff further asserts that he thereafter received only the empty envelope from the prison mailroom, and that he was never provided with the contents of the envelope. He prays for monetary damages resulting from the defendants' alleged wrongful conduct.

First, although the plaintiff has named Cindy Vannoy and Richard Peabody as defendants herein, he has failed to make any allegation of personal involvement by these defendants in the events complained of. In this regard, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing the alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the conduct of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

In the instant case, the plaintiff has included no factual allegations whatever against defendants Vannoy and Peabody. In fact, these defendants are listed only in the Caption of the Complaint, and the plaintiff has failed to suggest that either defendant, as mailroom supervisor and assistant warden, respectively, was personally involved in screening, opening or delivering the plaintiff's legal mail to him at any time. Accordingly, in the absence of any allegation that these defendants participated personally in the events complained of, it is clear that they are entitled to judgment as a matter of law.

Further, to the extent that the plaintiff's Complaint may be interpreted as asserting that the defendants, by their actions, interfered with the plaintiff's access to the courts, this claim seeks to invoke the provisions of the First Amendment to the United States Constitution. In this regard, however, in order for the plaintiff to state a violation of his constitutional right to meaningful access to the courts, he must allege that he has suffered some cognizable legal prejudice or detriment as a result of the challenged conduct. Crowder v. Sinyard, 884 F.2d 804 (5th Cir. 1989), cert. denied, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990), citing Howland v. Kilquist, 833 F.2d 639 (7th Cir. 1987). See also Lewis v. Casey, 511 U.S. 1066, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In the instant case, although the plaintiff complains that the defendants' actions violated his "attorney/client privilege", he has wholly failed to assert that he sustained any legal prejudice as a result of the defendants' conduct. For example, he has made no allegation as to what was contained in the envelope which was allegedly opened by the unidentified defendant employee, that he was unable to contact the referenced attorney and obtain a duplicate of the contents, or that he encountered any detriment

whatever in ongoing or anticipated legal proceedings. Accordingly, he has failed to show any prejudice resulting from the defendants' conduct sufficient to support a claim under § 1983.

Finally, the plaintiff has made no assertion that unidentified "Inspector 13" or any other defendant <u>intentionally</u> mislaid or lost the contents of the referenced envelope. In order to state a cause of action under § 1983, a plaintiff must allege intentional wrongdoing by prison officials which has violated his constitutional rights. Mere negligence is not sufficient to state a cause of action under this statute. The due process clause is not implicated by a state official's negligent act causing unintended injury to life, liberty or property. <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

Accordingly, in the absence of any allegation of intentional wrongdoing by the defendants, there is no basis for the imposition of liability against them.[1]

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915.[2]

---

[1] Although the plaintiff asserts in his Complaint that he was successful in connection with a state court judicial review of his administrative grievance relative to this claim, the sole finding by the state court in the judicial review proceeding was that prison officials, "failed to deliver the item of mail at issue." No monetary recovery was awarded to the plaintiff, no finding was made that the plaintiff suffered any legal detriment or prejudice as a result of the incident complained of, and no finding was made that prison officials intended to lose or mishandle the plaintiff's mail.

[2] The plaintiff is specifically placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

Signed in chambers in Baton Rouge, Louisiana, July 15, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."